# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1056

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Jason George Johnson, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 13, 2006
Filed: June 19, 2006

_____

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Jason George Johnson pled guilty without a plea agreement to two counts of distribution and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(1), 2252(b)(1), 2252(a)(5)(B), 2252A(b)(2). The district court[1] sentenced him to a term of 121 months, and Johnson appeals, asserting that the preponderance standard used to impose the sentencing enhancements was

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

unconstitutional, that there was insufficient evidence for the enhancements imposed, and that the sentence was unreasonable. We affirm.

Johnson admits that he possessed and distributed child pornography. At the sentencing hearing an FBI agent testified that in May 2003 an undercover agent investigating child exploitation had initiated contact with Johnson's screen name and began communicating with him. During their online contact, Johnson stated that he was interested in having sex with the agent's claimed nieces after they were drugged and wanted to record the sex on videotape; the nieces were described as being 7, 11, and 14 years old. He also agreed to trade child pornography with the agent. After the agent sent Johnson a corrupted file, the appellant transmitted two videos of a girl approximately 4 to 6 years of age having vaginal intercourse with an adult male in one video and performing oral sex in the other.

While executing a search warrant at Johnson's residence in March 2004, the FBI seized a hard drive that contained over 350,000 images of pornography, at least 700 of them involving children (90% of which involved children who were under 12 or prepubescent according to the agent's estimate), and 246 distinct video files containing what appeared to be child pornography. During an interview after the search, Johnson made numerous admissions, including that he had been receiving and trading for child pornography since 1998, was sexually attracted to children, that he had digitally penetrated a 12 or 13 year old neighbor when he was young, and that he would find it interesting to be with a child.

After an evidentiary hearing, the district court issued a written order applying five sentencing enhancements: 1) a 2 level increase under U.S.S.G. § 2G2.2(b)(1) because the images displayed prepubescent minors under the age of 12, 2) a 5 level increase under U.S.S.G. § 2G2.2(b)(2)(B) because Johnson distributed images with the expectation of receiving a thing of value, 3) a 4 level increase under U.S.S.G. § 2G2.2(b)(3) because Johnson traded or possessed images portraying sadistic and

violent conduct, 4) a 2 level increase under U.S.S.G. § 2G2.2(b)(5) because Johnson conceded that he used a computer to send and receive child pornography, and 5) a 5 level increase under U.S.S.G. § 2G2.2(b)(6)(D) because Johnson conceded that his offense involved over 600 images of child pornography.[2] A presentence report  was prepared, and Johnson did not object to its statement of facts but only challenged its recommended enhancements.  With only a base offense level of 17 and criminal history category I, the advisory guideline range would have been 24 to 30 months.  The five enhancements applied by the district court resulted in a total offense level of 35, however, and an advisory guideline range of 121 to 151 months.  The district court sentenced Johnson to 121 months.

Johnson asserts that the sentencing enhancements violated his due process rights and that the proper standard of proof should be beyond a reasonable doubt.  Alternatively, he requests that we at least adopt a clear and convincing standard in cases in which enhancements have a "disproportionate impact on the sentence."  It is clearly established in this circuit that sentencing enhancements must be proven by a preponderance of the evidence, however.  See, e.g., United States v. Garcia-Gonon, 433 F.3d 587, 593 (8th Cir. 2006) (citing United States v. Pirani, 406 F.3d 543, 551 n. 4 (8th Cir. 2005) (en banc)).

Johnson also argues that even under a preponderance of evidence standard there was insufficient evidence for three of the enhancements: those under U.S.S.G. § 2G2.2(b)(1) (images displaying prepubescent minors), U.S.S.G. § 2G2.2(b)(2)(B) (distribution with the expectation of receiving a thing of value), and U.S.S.G. § 2G2.2(b)(3) (images portraying sadistic or violent conduct).  Prepubescent minors were clearly involved, since the child in one of the videos Johnson sent has been identified and was known to be under 12 when the images were created.  Johnson

_____

[2]The guideline sections are cited to the 2003 edition of the guidelines manual applied by the district court because Johnson's offenses occurred between May 15, 2003 and March 2004.  See U.S.S.G. § 1B1.11(b)(1).

distributed images to receive something of value when he traded his videos with the undercover agent. Images portraying sadistic conduct were also involved since sexual penetration of a minor female by an adult male is per se sadistic. See United States v. Belflower, 390 F.3d 560, 561 (8th Cir. 2004).

We conclude that the transcript of the evidentiary hearing, the district court's order on enhancements, and the unobjected to facts in the presentence report demonstrate that there was sufficient supporting evidence for imposition of the three enhancements. Application of the enhancements was also consistent with the intent of Congress in passing the PROTECT Act to prevent the sexual exploitation of children. See The Prosecutorial Remedies and Other Tools To End the Exploitation of Children Today Act of 2003 (PROTECT Act), Pub. L. No. 108-21 (Apr. 30, 2003); see also United States v. Baker, 445 F.3d 987, 993 n.1 (7th Cir. 2006) (Congress intended crimes against children to be "punished with the severity they deserve").

Finally, Johnson asserts that the guideline sentence imposed is unreasonable in light of 18 U.S.C. § 3553(a). He points out that he was sexually abused as a young boy, that his interest in checking whether there were pictures of himself available on the Internet led him to child pornography, and that he otherwise had a law abiding life and an honorable discharge from the Marine Corps.

The district court imposed a sentence at the low end of the guideline range after noting its obligation to review the 18 U.S.C. § 3553(a) factors. A sentence within the advisory guideline range is presumptively reasonable, see United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005), and based on all the circumstances we conclude that Johnson's sentence was not unreasonable.

Accordingly, we affirm the judgment of the district court.

_____