# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2570

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Albert Randolph, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 9, 2009
Filed:  June 8, 2009

_____

Before RILEY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Albert Randolph pleaded guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court[1] calculated Randolph's Guidelines range to be 188 to 235 months' imprisonment, but it granted Randolph a downward variance to 160 months' imprisonment. On appeal, Randolph argues that the district court abused its discretion by failing to consider all of the 18 U.S.C. § 3553(a) factors and imposing a substantively

---

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

unreasonable sentence. We reject Randolph's arguments and affirm the judgment of the district court.

## I. *Background*

On June 2, 2006, police officers executed a search warrant at Randolph's residence. The officers recovered 22.84 grams of cocaine base, a digital scale, and Randolph's state identification card from the top drawer of Randolph's nightstand. The officers also recovered $587 and a bag containing four separate bags with a total of 14.05 grams of marijuana from the bottom drawer of Randolph's nightstand. Randolph admitted possessing the controlled substances and currency.

Randolph pleaded guilty to one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Recommending that Randolph be sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, Randolph's presentence investigation report calculated a total offense level of 31 and a criminal history category of VI, yielding a Guidelines range of 188 to 235 months' imprisonment.

At Randolph's sentencing hearing, the district court overruled Randolph's objection to his classification as a career offender. Randolph conceded that the two-level crack cocaine reduction of Amendment 706 to the Guidelines does not apply to the career offender Guidelines, but he argued that the district court should take the two-level reduction into account in granting him a downward variance from his Guidelines range of 188 to 235 months' imprisonment. Emphasizing that Randolph's Guidelines range would be 151 to 188 months' imprisonment if Randolph's total offense level were reduced from 31 to 29 under Amendment 706, the district court granted Randolph a downward variance and sentenced him to 160 months' imprisonment followed by four years of supervised release.

II. *Discussion*

We review a sentence for an abuse of discretion "'[r]egardless of whether the sentence imposed is inside or outside the Guidelines range.'" *United States v. Austad*, 519 F.3d 431, 434 (8th Cir. 2008) (quoting *Gall v. United States*, 128 S. Ct. 586, 597 (2007)). Our "first step in reviewing a sentence is to 'ensure that the district court committed no significant procedural error,'" such as failing to consider the 18 U.S.C. § 3553(a) factors. *United States v. Hill*, 552 F.3d 686, 690 (8th Cir. 2009) (quoting *Gall*, 128 S. Ct. at 597). "If the district court did not commit a procedural error, we then determine whether the sentence is substantively reasonable under an abuse-of-discretion standard." *United States v. Garcia-Hernandez*, 530 F.3d 657, 664 (8th Cir. 2008).

Randolph first argues that the district court abused its discretion by failing to consider all of the § 3553(a) factors. When considering the § 3553(a) factors, "[a] district court is not required to make specific findings; all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." *United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008). Indeed, "[i]f a district court 'references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute.'" *Id.* at 1111 (quoting *United States v. White Face*, 383 F.3d 733, 740 (8th Cir. 2004)).

We are satisfied that the district court was aware of the relevant § 3553(a) factors. First, § 3553(a)(1) requires a court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," and the district court addressed Randolph's age, the nature of his prior offenses, and the fact that he had received relatively little jail time for his prior offenses. Furthermore, § 3553(a)(4) requires a court to consider the applicable Guidelines range, and the district court acknowledged the applicable Guidelines range but granted Randolph a downward variance. Finally, § 3553(a)(6) requires a court to consider "the need to avoid

unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and the parties disputed whether a Guidelines sentence or a downward variance was necessary to avoid unwarranted sentence disparities. *See United States v. Miles*, 499 F.3d 906, 909 (8th Cir. 2007) (noting that the district court's awareness of the parties' arguments concerning the relevant § 3553(a) factors precluded the conclusion that the district court had failed to consider those factors). Randolph's argument that the district court failed to consider all of the § 3553(a) factors is without merit.

Randolph next argues that his sentence is substantively unreasonable because it is greater than necessary to promote the goals of § 3553(a). But "*Gall* made clear that the determination of a reasonable sentence is committed to the district court's discretion in all but the most unusual cases." *United States v. Sicaros-Quintero*, 557 F.3d 579, 582–83 (8th Cir. 2009). We conclude that Randolph's sentence was substantively reasonable, particularly in light of the fact that the district court applied a 28-month downward variance from the applicable Guidelines range.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____