# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3049

_____

United States of America,        *
                                    *

           Appellee,         *
                                    *
                                    *   Appeal from the United States

          v.               *   District Court for the Southern
                                    *   District of Iowa.

Rigoberto Olvera-Morales,     *
                                    *       [UNPUBLISHED]

           Appellant.      *

_____

Submitted:  October 21, 2009
Filed:   October 26, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Rigoberto Olvera-Morales challenges the sentence the district court[1] imposed after he pled guilty to conspiring to distribute at least 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846; and distributing at least 50 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii).  His counsel filed a brief under Anders v. California, 386 U.S. 738 (1967).  We affirm.

---

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

Reviewing the sentence for abuse of discretion, we must first ensure that the district court committed no significant procedural error—such as misapplying the United States Sentencing Guidelines (Guidelines), failing to consider the 18 U.S.C. § 3553(a) factors, or basing the sentence on clearly erroneous facts—and then consider the substantive reasonableness of the sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). We conclude the district court committed no procedural error. We further conclude the court did not abuse its discretion by imposing an unreasonable sentence. See United States v. Sicaros-Quintero, 557 F.3d 579, 583 (8th Cir. 2009) (according a presumption of reasonableness to a sentence at the bottom of the Guidelines range); United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007) (listing circumstances where a sentencing court abuses its discretion, resulting in an unreasonable sentence).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm.

_____