# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3762

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Shawn Tull, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 5, 2009
Filed: November 13, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Shawn Tull appeals the district court's[1] judgment entered after a jury found him guilty of possessing with intent to distribute 100 kilograms or more of a mixture containing marijuana, in violation of 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2. Tull's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Tull's 78-month sentence was too severe in light of his participation in the offense and his background. Tull has filed a pro se brief, in which he argues that the district court erred in conducting a joint trial and finding that

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

he was competent to stand trial; and, as to sentencing, that the court erred in failing to depart downward for his mental history, in enhancing his sentence for a leadership role, in determining the drug quantity attributable to him, in failing to consider unwarranted sentencing disparities, and in failing to properly consider his wife's extreme hardship. He also asserts that counsel inadequately pursued his mental-health issues and failed to discuss his presentence report (PSR) with him prior to sentencing.

We find no clear error in the district court's finding that Tull was subject to a 2-level increase to his base offense level under U.S.S.G. § 3B1.1(c), as the trial evidence showed that Tull directed a codefendant to hire others to help transport the marijuana, and bought the vehicle to be used in the offense. See United States v. Davis, No. 08-3254, 2009 WL 3209492, at *11 (8th Cir. Oct. 8, 2009) (to be subject to role enhancement under § 3B1.1(c), defendant need only manage or supervise one other participant, and terms "manager" and "supervisor" are construed broadly; this court reviews district court's factual finding for clear error). Because Tull did not object to the drug-quantity finding below, we review for plain error, see United States v. Lovelace, 565 F.3d 1080, 1086-87 (8th Cir. 2009), and we find none, as Tull was responsible for the entire amount of drugs the group possessed, see U.S.S.G. § 1B1.3(a)(1) (base offense level is determined on basis of all acts committed or aided and abetted by defendant and all reasonably foreseeable acts in furtherance of jointly undertaken criminal activity). Thus, the district court properly calculated the advisory Guidelines range.

We conclude that Tull's sentence, which was at the bottom of the applicable range, was reasonable. See United States v. Feemster, 572 F.3d 455, 461, 464 (8th Cir. 2009) (en banc) (standard of review); United States v. Sicaros-Quintero, 557 F.3d 579, 583 (8th Cir. 2009) (according presumption of reasonableness to sentence at bottom of Guidelines range). The district court referred to the statutory goals of sentencing and discussed the factors on which it relied in imposing Tull's sentence, specifically stating that it was considering the testimony of Tull's wife and was

accepting that Tull had a history of seizures.  See United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (where record reflects district court made individualized assessment based on facts presented, specifically addressing defendant's proffered information in its consideration of sentencing factors, sentence is not unreasonable).

Tull's remaining pro se arguments do not provide a basis for reversal. Specifically, Tull did not seek severance of his trial, and the district court did not plainly err in trying him jointly with codefendant Fredrick Robertson.  See United States v. Brown, 560 F.3d 754, 766 (8th Cir. 2009) (standard of review), petition for cert. filed, (U.S. July 22, 2009) (No. 09-5455).  Nor did the court clearly err in finding that Tull was competent to stand trial.  See United States v. Murphy, 572 F.3d 563, 569 (8th Cir. 2009) (standard of review; factors to consider in determining competency).  Finally, the sentencing transcript shows that Tull said nothing to dispute counsel's statement that he and Tull had reviewed the PSR; and any ineffective-assistance claims should be raised in a 28 U.S.C. § 2255 motion, see United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal.  Accordingly, the judgment is affirmed.  We also grant counsel's motion to withdraw and deny Tull's appellate motions.

_____