# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2392

———————

United States of America,

        Appellee,

v.

Fernando Arias-Gonzales,

        Appellant.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Northern District of Iowa

[UNPUBLISHED]

———————

Submitted: November 3, 2009
Filed: December 14, 2009

———————

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Fernando Arias-Gonzales appeals the district court's[1] judgment entered upon a jury verdict finding him guilty of conspiring to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. In a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel argues the sentence imposed, 300 months in prison and 5 years of supervised release, is too harsh. In a pro se supplemental brief, Arias-Gonzales argues (1) that the evidence was insufficient to establish a conspiracy; (2)

———————

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

that the witnesses who accepted plea deals in exchange for their testimony should have been disqualified; (3) that a clear-and-convincing standard of proof should have been used for sentencing enhancements; and (4) that the government witnesses were so unreliable that use of their testimony to support the drug-quantity finding for sentencing purposes violated due process. For the reasons that follow, we affirm.

The trial testimony of two law enforcement officials and ten cooperating witnesses, whose credibility was for the jury to decide, established that from 2001 to 2006, Arias-Gonzales, or a someone working at his direction, repeatedly transported as much as nine or ten pounds of methamphetamine from California to Iowa. Arias-Gonzales and others would then sell the methamphetamine in Sioux City. This evidence, viewed in the light most favorable to the government and with all reasonable inferences drawn in support of the jury's verdict, was sufficient to allow the jury to find that (1) a conspiracy to distribute methamphetamine existed, (2) Arias-Gonzales knew about the conspiracy, and (3) he knowingly became a part of the conspiracy. See United States v. Vinton, 429 F.3d 811, 815 (8th Cir. 2005) (elements of conspiracy to distribute methamphetamine); United States v. Urkevich, 408 F.3d 1031, 1036 (8th Cir. 2005) (sufficiency-of-evidence standard of review); United States v. Dugan, 238 F.3d 1041, 1044-45 (8th Cir. 2001) (appellate court does not reweigh evidence or test credibility of witnesses when reviewing sufficiency of evidence); see also United States v. Hunt, 171 F.3d 1192, 1195 (8th Cir. 1999) (discussing 18 U.S.C. § 201(c)(2) and finding no error in allowing governmental witnesses to testify pursuant to cooperation agreements when they are promised leniency in exchange for truthful testimony).

At sentencing, the district court did not use an improper standard of proof, deny Arias-Gonzales due process, or otherwise commit error by considering the testimony of the witnesses who expected to receive sentencing leniency. See United States v. Johnson, 450 F.3d 831, 833 (8th Cir. 2006) (sentencing enhancements need only be proven by preponderance of evidence, not by clear and convincing evidence or by

proof beyond reasonable doubt, and use of preponderance standard does not violate due process).

We also conclude that the district court did not abuse its discretion or impose an unreasonable sentence, as it calculated the advisory Guidelines sentencing range after resolving the parties' disputes, considered the 18 U.S.C. § 3553(a) factors, and explained its reasons for selecting a sentence that represented a 24-month downward variance from the bottom of the advisory Guidelines range. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing court first ensures that district court committed no significant procedural error, then considers substantive reasonableness of sentence). There is no indication in the record that the district court overlooked or misapplied any relevant section 3553(a) factor, or gave significant weight to an improper or irrelevant factor. See United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (where record reflected that district court made individualized assessment based on facts presented and specifically addressed defendant's proffered information in its consideration of sentencing factors, sentence was not unreasonable); cf. United States v. Sicaros-Quintero, 557 F.3d 579, 583 (8th Cir. 2009) (according presumption of reasonableness to sentence at bottom of Guidelines range).

Having independently reviewing the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no other nonfrivolous issues. Accordingly, we affirm. We grant counsel's motion to withdraw, subject to counsel informing Arias-Gonzales about procedures for seeking rehearing or filing a petition for certiorari. We also deny Arias-Gonzales's motion to proceed pro se, but we note that the issues he raised in his supplemental brief have been fully considered.

_____