# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3911

_____

United States of America,          *
                                   *
          Appellee,                *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   Eastern District of Missouri.
Billy Mark Evans,                  *
                                   *        [UNPUBLISHED]
          Appellant.               *

_____

Submitted: December 10, 2009
Filed: December 15, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Billy Mark Evans (Evans) pled guilty to being a felon in possession of firearms and body armor, in violation of 18 U.S.C. §§ 922(g)(1) and 931(a). The district court[1] imposed a below-Guidelines sentence of 46 months imprisonment and 2 years of supervised release. On appeal, Evans's counsel seeks to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the prison sentence is unreasonable and longer than necessary to satisfy 18 U.S.C. § 3553(a), given Evans's physical and mental health problems.

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

We conclude the district court did not abuse its discretion or impose an unreasonable sentence, because the district court calculated the undisputed Guidelines sentencing range, considered the relevant section 3553(a) factors, and explained its reasons for the sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (declaring, an appellate court reviews for abuse of discretion, first ensuring the district court committed no significant procedural error, and then considering the substantive reasonableness of the sentence). In addition, there is no indication the district court, in imposing a below-Guidelines sentence, overlooked or misapplied any relevant section 3553(a) factor, or gave significant weight to an improper or irrelevant factor. See United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (holding the sentence was not unreasonable where the record reflected the district court (1) made an individualized assessment based on the facts presented and (2) specifically addressed defendant's proffered information in the court's consideration of the sentencing factors); cf. United States v. Sicaros-Quintero, 557 F.3d 579, 583 (8th Cir. 2009) (according a presumption of reasonableness on appeal to a sentence at the bottom of the Guidelines range).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue. We grant counsel leave to withdraw, and we affirm the judgment.

_____