# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2203

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Charles N. Wells, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 11, 2010
Filed:  January 19, 2010

_____

Before MURPHY and BYE, Circuit Judges, and STROM,[1] District Judge.

_____

PER CURIAM.

Charles Wells pleaded guilty to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1(C).  The district court[2] sentenced him to thirty months of imprisonment (which was the low end of the advisory Guidelines range of 30-37 months) and three years of supervised release. Wells appeals his sentence contending the district court erred in applying a two-level

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

[2]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

enhancement under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2D1.1(b)(1) for possession of a dangerous weapon in connection with the offense. Wells also appeals the district court's denial of his request for a downward departure or variance based on his health condition. We affirm.

We review the factual findings underpinning the district court's application of a sentence enhancement under U.S.S.G. § 2D1.1(b)(1) for clear error. E.g., United States v. Rodriguez, 484 F.3d 1006, 1014, 1016 (8th Cir. 2007). In order for an enhancement under § 2D1.1(b)(1) to apply, "[t]he government must simply show that it is not clearly improbable that the weapon was connected to the drug offense." United States v. Peroceski, 520 F.3d 886, 889 (8th Cir. 2008). The record shows that, shortly after Wells was arrested following a controlled buy, he admitted having a pistol and precursors to the manufacture of methamphetamine in his mobile home. A subsequent search of the mobile home uncovered the pistol hidden in the bottom of a water cooler, a jar of soaking pseudoephedrine pills, electronic scales, drug packaging items, several grams of methamphetamine, and $29,144.00 in U.S. currency. Based on these facts, the district court did not clearly err in finding the pistol was connected to the drug offense. See United States v. Fladten, 230 F.3d 1083, 1086 (8th Cir. 2000) ("Evidence that the weapon was found in the same location as drugs or drug paraphernalia usually suffices.").

We decline to review Wells's claim the district court improperly denied his request for a downward departure based on his health condition because Wells does not argue – and the record does not indicate – the district court denied the request based upon an improper motive or because it believed it had no authority to grant the request. See United States v. Johnson, 517 F.3d 1020, 1023 (8th Cir. 2008) ("We will generally not review a decision not to grant a downward departure unless the district court had an unconstitutional motive or erroneously thought it was without authority to grant the departure.").

Finally, Wells does not argue the district court committed any procedural errors in considering his request for a downward variance based on his health condition, so his claim amounts to a challenge to the substantive reasonableness of the sentence. Reviewing for an abuse of discretion, see, e.g., United States v. Bates, 584 F.3d 1105, 1110 (8th Cir. 2009) (setting forth the standard of review), we conclude the thirty-month sentence was reasonable. See United States v. Sicaros-Quintero, 557 F.3d 579, 583 (8th Cir. 2009) (according a presumption of reasonableness to a sentence at the bottom of the Guidelines range).

We affirm.

_____