# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1363

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Theola A. Blackmon, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 14, 2009
Filed: April 30, 2010

_____

Before RILEY,[1] Chief Judge, WOLLMAN and MELLOY, Circuit Judges.

_____

PER CURIAM.

Theola A. Blackmon pled guilty to conspiring to distribute and possess with the intent to distribute marijuana and at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II), and 846 (Count I), and conceded the applicability of the criminal forfeiture provisions of 21 U.S.C. § 853 (Count III). The district court sentenced Blackmon to a statutory minimum 120 months imprisonment and 5 years supervised release. Blackmon appeals his sentence.

_____

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

Blackmon first challenges the district court's finding Blackmon was ineligible for safety valve relief pursuant to 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5) because the district court accepted the government's recommendation that Blackmon was not truthful in his proffer interviews. "The district court's safety valve findings can be overturned only if they are clearly erroneous." United States v. Alvarado-Rivera, 412 F.3d 942, 947 (8th Cir. 2005) (en banc) (citation omitted).

In his plea, Blackmon acknowledged shipping packages of cocaine and packages of marijuana from California to St. Louis, Missouri, and Blackmon later attempted to limit his admission to shipping marijuana only. Blackmon contends the district court clearly erred in finding the drug shipment quantities, arguing a substantial difference existed between the package weights the government's case agent identified and the weights reported by the packaging company, which difference seriously undermined the agent's credibility. Blackmon suggests, because of the discrepancy, the district court should have granted him safety valve relief, presumably because the government witness's testimony was demonstrably unreliable. We note "[w]itness credibility is 'quintessentially a judgment call and virtually unassailable on appeal.'" United States v. Bolden, 596 F.3d 976, 982 (8th Cir. 2010) (quoting United States v. Sicaros-Quintero, 557 F.3d 579, 582 (8th Cir. 2009)). We conclude the district court's credibility determination here is unassailable.

Even if all of the case agent's testimony were disregarded, ample evidence still supports the district court's finding. For example, Blackmon pled guilty to conspiring to distribute five kilograms of cocaine, yet at the proffer interviews he admitted to, at most, three kilograms, and at allocution denied knowing about cocaine shipments at all.[2] Similarly, Blackmon suggested two of his coconspirators, Jeffrey Hill and Juan

_____

[2]Blackmon filed various letters before the district court and before this court asserting, among other things, that his counsel lied to him and coerced him into pleading guilty. Ineffective assistance of counsel claims "are usually best litigated in

-2-

Avendano, were conducting drug transactions without Blackmon's involvement, but telephone records and a tape recorded conversation between Blackmon and Hill contradicted this contention. The district court's finding was not clearly erroneous.

Blackmon also argues the district court erred in denying him safety valve relief because the court erroneously believed it was bound by the government's determination as to Blackmon's truthfulness at the proffer hearings. Because Blackmon failed to raise this issue at sentencing, we review for plain error. See United States v. Lewis, 593 F.3d 765, 772 (8th Cir. 2010) (citing Fed. R. Crim. P. 52(b)). Before we

> correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (quoting Johnson v. United States, 520 U.S. 461, 466-67 (1997)). Although we agree with Blackmon that the district court erred when it repeatedly stated it lacked authority to find Blackmon was safety valve eligible, see 18 U.S.C. § 3553(f) ("[T]he court shall impose a sentence pursuant to [the Guidelines] without regard to any statutory minimum sentence, *if the court finds* [the safety valve factors] at sentencing, after the Government has been afforded the opportunity to make a recommendation." (emphasis added)), the error did not affect either his substantial rights or the fairness, integrity, or public reputation of the proceeding. Our review of the record supports the conclusion that the district court would have denied Blackmon safety valve relief regardless of this issue. Because Blackmon's substantial rights were not violated, and because of the overwhelming evidence of Blackmon's duplicitousness during the proffer interviews, we decline to

collateral proceedings." United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006). We therefore decline to address the issue on this direct appeal.

exercise our discretion to notice the error in this case.  See Puckett v. United States, 556 U.S. __, 129 S. Ct. 1423, 1429 (2009) (observing our "*discretion* to remedy [plain] error . . . ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." (quoting United States v. Olano, 507 U.S. 725, 736 (1993) (internal marks omitted)).

We affirm the district court's judgment.

_____