# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2206

_____

United States of America,         *
        *
     Plaintiff - Appellee,    *   Appeal from the United States
        *   District Court for the Western
   v.         *   District of Arkansas.
        *
Manuel A. Gaxiola,        *   [UNPUBLISHED]
        *
     Defendant - Appellant.   *

_____

Submitted: March 14, 2011
Filed: March 30, 2011

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Manuel Gaxiola pled guilty to one count of distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). The district court[1] imposed a mandatory minimum sentence of 120 months followed by 5 years supervised release. On appeal, Gaxiola argues that the court erred by imposing a two level leadership enhancement pursuant to United States Sentencing Guidelines § 3B1.1(c) and by not granting him a safety valve reduction.

_____

[1] The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

Under § 3B1.1(c), a defendant's offense level is increased by two levels if "the defendant was an organizer, leader, manager, or supervisor in any criminal activity." U.S.S.G. § 3B1.1(c). We review a district court's factual findings for clear error and its application of the guidelines de novo. United States v. Blankenship, 552 F.3d 703, 704 (8th Cir. 2009). Gaxiola argues that the district court erred in imposing the enhancement because it applied a preponderance of the evidence standard in making its findings rather than the beyond a reasonable doubt standard. We have consistently held that sentencing enhancements need only be proven by a preponderance of the evidence and that use of the preponderance standard does not violate a defendant's right to due process. See United States v. Johnson, 450 F.3d 831, 833 (8th Cir. 2006).

We also see no clear error in the district court's finding that Gaxiola was subject to the § 3B1.1(c) leadership enhancement. According to the unobjected to information in the presentence investigation report, Gaxiola told an undercover officer that he was the boss of one of his codefendants and he directed another codefendant to make a delivery of methamphetamine on his behalf. See United States v. Bewig, 354 F.3d 731, 738 (8th Cir. 2003) (defendant need only have supervised one other participant in criminal activity to justify leadership enhancement).

Because we affirm the district court's application of the leadership enhancement, it follows that the district court did not clearly err in determining that Gaxiola was not eligible for safety valve relief. See 18 U.S.C. § 3553(f)(4) (a defendant does not qualify for safety valve relief if he was "an organizer, leader, manager, or supervisor of others in the offense").

Accordingly, the judgment of the district court is affirmed.

_____