# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3110

_____

United States of America,

        Appellee,

vs.

Claudia M. Loaiza,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: June 13, 2011
Filed: June 27, 2011

_____

Before MURPHY, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

Claudia Loaiza was charged with conspiracy to distribute methamphetamine and with aiding and abetting possession of methamphetamine with intent to distribute. After the district court[1] denied her motion for acquittal, a jury convicted her on both counts. On appeal Loaiza challenges the sufficiency of the evidence. We affirm.

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

Kansas City police officers raided Loaiza's home after a confidential informant reported repeat purchases of methamphetamine from Loaiza. Arriving at the apartment with search and arrest warrants, the officers found Loaiza there with codefendant Jose Cortes. After arresting them, the officers searched the apartment. They found small amounts of methamphetamine, a digital scale, enough cutting agent for a large amount of methamphetamine, a ledger of drug sales, and several very small plastic baggies. In Loaiza's purse, the agents found her passport and permanent resident card, $1,345 in cash, and papers with names and numbers on them. Inside of the inner lining of the purse were $22,600 in cash, another digital scale, and more plastic baggies.

We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the jury's verdict and drawing all reasonable inferences in its favor. United States v. Serrano-Lopez, 366 F.3d 628, 634 (8th Cir. 2004). We reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. Id.

Loaiza attacks the credibility of the confidential informant who testified that for months he had purchased several ounces methamphetamine each week from Loaiza. She argues that he was "unreliable as a matter of law" because he was a former methamphetamine addict and multiple felon, that other evidence did not corroborate his testimony, and that his agreement with prosecutors gave him an incentive to lie.

Witness credibility is "quintessentially a judgment call and virtually unassailable on appeal." United States v. Sicaros-Quintero, 557 F.3d 579 (8th Cir. 2009). We will not disturb a conviction due to incredible testimony unless it "assert[ed] facts that are physically impossible." United States v. Hakim, 491 F.3d 843, 845 (8th Cir. 2007). The informant's testimony here did not meet that standard. Cross examination and argument by Loaiza's counsel made the jury aware of any

potential reasons to doubt him. The jury was in the best position to judge his demeanor and his testimony in light of the other evidence.

Significant circumstantial evidence corroborated the informant's testimony and supported the guilty verdict. Loaiza was arrested in an apartment with methamphetamine and drug paraphernalia hidden in several places. Her own purse contained a small digital scale, plastic baggies which an officer testified are often used in drug trafficking, and almost $24,000 in cash. Loaiza attributed the cash to student loans, but she had received only $9,000 of those and the last disbursement was months before her arrest. Even if the jury had accepted her explanation for some of the cash, it could have reasonably viewed the remaining $15,000 as evidence of participation in a conspiracy to distribute methamphetamine. Possession of large amounts of cash along with equipment to measure and distribute drugs are "common indicia of drug trafficking and are all circumstantial evidence of intent to distribute." United States v. Sanders, 341 F.3d 809, 816 (8th Cir. 2003). The evidence was sufficient to support Loaiza's convictions for conspiracy to distribute and aiding and abetting possession with intent to distribute narcotics.

For the foregoing reasons the judgment of the district court is affirmed.

_____