# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2394

_____

United States of America,

       Appellee,

v.

Sherry Mae Seals,

       Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Arkansas.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: January 9, 2012
Filed: January 23, 2012

_____

Before MURPHY, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Sherry Mae Seals pleaded guilty to one count of conspiring to use an interstate facility to promote, manage, establish, and facilitate an unlawful activity (namely, prostitution) in violation of 18 U.S.C. §§ 1952(a)(3)(A) and 371, and one count of conspiring to launder monetary instruments in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 1956(h). The district court[1] sentenced Seals to concurrent terms of twenty-four months of imprisonment on each count, which corresponded with the low end of the applicable advisory Guidelines range.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

Seals appeals arguing the district court erred in denying her request for a downward variance. She first contends the district court improperly equated her request for a downward variance with a request for a downward departure and, as a result, mistakenly applied standards governing departures to her request for a variance. Second, Seals contends the district court abused its discretion by not varying downward from the Guidelines because of her family obligations, medical and mental health conditions, participation in substance abuse treatment, enrollment in college, minor criminal history, and voluntary withdrawal from the prostitution conspiracy.

Our review of the record indicates the district court properly considered Seals's request for a downward variance, but simply declined to vary downward. The record clearly reflects the district court did not mistakenly believe departure precedent limited its authority to vary downward. Cf. United States v. Chase, 560 F.3d 828, 831 (8th Cir. 2009) (remanding for resentencing where the record was unclear about whether a district court improperly analyzed a variance request under departure precedent, or properly considered the variance). In addition, the record does not indicate the district court failed to consider a relevant factor, gave significant weight to an improper or irrelevant factor, or made a clear error of judgment in denying the request for a downward variance. See United States v. Torres, 552 F.3d 743, 748 (8th Cir. 2009) (setting forth the circumstances which can indicate a sentencing court has abused its discretion and imposed an unreasonable sentence). We therefore conclude the twenty-four month sentence was reasonable. See United States v. Sicaros-Quintero, 557 F.3d 579, 583 (8th Cir. 2009) (allowing us to accord a presumption of reasonableness to a sentence at the bottom of the advisory Guidelines range).

We affirm the judgment of conviction.

_____