# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1883

———————

United States of America,         *
                                          *

             Appellee,       *   Appeal from the United States
                                          *   District Court for the
      v.                     *   Eastern District of Arkansas.
                                          *

Ramon Ornelas-Cuellar,      *       [UNPUBLISHED]
                                          *

             Appellant.      *

———————

Submitted: February 13, 2012
Filed: February 27, 2012

———————

Before LOKEN, BOWMAN, and BYE, Circuit Judges.

———————

PER CURIAM.

Ramon Ornelas-Cuellar appeals from the sentence imposed by the District Court[1] after he pleaded guilty to one count of unlawful reentry into the United States following deportation for an aggravated felony. We affirm.

After he received credit for acceptance of responsibility, Ornelas-Cuellar's advisory sentencing range under the United States Sentencing Guidelines was forty-one to fifty-one months in prison. Ornelas-Cuellar argues that his forty-one-month

———————

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

sentence, at the bottom of the undisputed Guidelines range, is greater than necessary to promote the goals of 18 U.S.C. § 3553(a) and is therefore substantively unreasonable. He contends that the District Court should have varied downward and imposed a sentence within the range of eighteen to twenty-four months because, inter alia, his illegal reentry was not a dangerous crime, he did not resist and actually cooperated with authorities, he has family ties in the United States and has worked to support himself while in this country, at his age (forty years) he is less likely to reoffend, his offense carried no statutory minimum penalty, and the Guidelines for reentry offenses when the deportation followed an aggravated felony are "without empirical justification." Br. of Appellant at 12.

"[D]etermination of a reasonable sentence is committed to the district court's discretion in all but the most unusual cases." United States v. Sicaros-Quintero, 557 F.3d 579, 582–83 (8th Cir. 2009). It is clear from the sentencing transcript in this case that the District Court considered Ornelas-Cuellar's arguments for a variance but nevertheless determined that a prison sentence of forty-one months was sufficient but not greater than necessary to serve the purposes of § 3553(a). See, e.g., Sent. Tr. at 26–27. Moreover, a sentence at the bottom of the Guidelines range is accorded "a presumption of reasonableness on appeal." Sicaros-Quintero, 557 F.3d at 583. We hold that the District Court did not abuse its discretion and that Ornelas-Cuellar's sentence is not substantively unreasonable.

The sentence is affirmed.

_____