# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1054

_____

Fernando Arias-Gonzales,

*Petitioner - Appellant*,

v.

United States of America,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: August 17, 2012
Filed: September 4, 2012
[Unpublished]

_____

Before LOKEN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After a jury found Fernando Arias-Gonzales (Arias) guilty of conspiring to distribute methamphetamine, he was sentenced to 300 months in prison. This court affirmed. See United States v. Arias-Gonzales, 356 Fed. Appx. 895 (8th Cir. 2009) (per curiam), cert. denied, 130 S. Ct. 3342 (2010). Arias then filed this motion for 28

U.S.C. § 2255 relief, which the district court[1] denied following an evidentiary hearing. Arias appeals.

Upon careful review, we agree with the district court that Arias did not establish that his trial counsel was ineffective. Arias, who did not plead guilty and was subject to deportation apart from the criminal proceedings, did not establish prejudice from counsel's alleged failure to discuss deportation as a collateral consequence of conviction. Nor did he show prejudice from counsel's purported failure to understand or explain the Sentencing Guidelines. See Blankenship v. United States, 159 F.3d 336, 338 (8th Cir. 1998) (when considering whether defense suffered prejudice, court must determine whether reasonable probability exists that, but for counsel's unprofessional errors, result of proceeding would have been different); cf. Padilla v. Kentucky, 130 S. Ct. 1473, 1486 (2010) (counsel must inform client whether his plea carries risk of deportation). We also agree that Arias cannot relitigate a standard-of-proof argument rejected on direct appeal, see Sun Bear v. United States, 644 F.3d 700, 702 (8th Cir. 2011). The the relevant drug statutes are not void for vagueness, or otherwise invalid. We decline to expand the scope of the certificate of appealability to include Arias's new pro se arguments. See Winfield v. Roper, 460 F.3d 1026, 1040 (8th Cir. 2006).

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

——————————————————————

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.