# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 17-2655

———————————————

United States of America

*Plaintiff - Appellee*

v.

Gumaro Escareno Chavez

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

————————

Submitted: June 11, 2018
Filed: September 12, 2018
[Unpublished]

————————

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

————————

PER CURIAM.

Gumaro Escareno Chavez pleaded guilty to conspiring to distribute cocaine and cocaine base. See 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. At sentencing, the

district court[1] found Gumaro responsible for more than 1000 kilograms of marijuana equivalent, resulting in an advisory guidelines sentencing range of 78-97 months imprisonment. Gumaro appeals his 90-month sentence, arguing the district court committed procedural error in determining drug quantity. Reviewing that finding for clear error, we affirm.

At sentencing, the government argued that Gumaro's base offense level should be 30, because he was responsible for 1,000 to 3,000 kilograms of marijuana equivalent; Gumaro argued his base offense level should be 16, because he was responsible for only 20 to 40 kilograms of marijuana equivalent. See U.S.S.G. § 2D1.1(c)(5), (12). After hearing testimony by an Iowa narcotics special agent, Patrick Waymire, the district court found that the base offense level is 30.

Gumaro, his brothers -- Jonathan, Jairo, and Heriberto, and their associates grew marijuana in Colorado and sold marijuana and cocaine to customers in Iowa. Jonathan was a leader of the organization; Gumaro lived and worked closely with Jonathan. The government's long investigation of the Escarenos culminated in 2016 with the arrest of multiple members of their drug-trafficking operation.

At the sentencing hearing, the government offered evidence that Jonathan and Gumaro kept significant quantities of cocaine and marijuana in a stash house operated by one of their associates. A warrant search of the stash house yielded three bricks of marijuana, more than half a kilogram of cocaine, and seven to eight kilogram-sized packages with cocaine residue inside. Under the advisory Guidelines, one gram of cocaine is equivalent to 200 grams of marijuana. U.S.S.G. § 2D.1.1, comment. (n.8(D)). Therefore, these packages alone, if attributable to Gumaro, established that he was responsible for more than 1000 kilograms of marijuana equivalent.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

The government offered substantial evidence that Gumaro knew that drugs were kept in the stash house or reasonably could have foreseen that his co-conspirators possessed these drugs to further their drug-trafficking conspiracy. In wire-tapped calls, Gumaro was instructed to distribute small quantities kept at the stash house. In one intercepted conversation, Gumaro told Jonathan he was going to retrieve something from a "blue cooler" in the stash house that was later found to contain three bricks of marijuana.

Agent Waymire's testimony included a summary of statements made by co-defendant Mujo Becirovic in proffer interviews. Becirovic admitted receiving roughly seven kilograms of cocaine from the Escarenos. He said Gumaro delivered cocaine and marijuana on many occasions. Sometimes Gumaro came with his brothers, and sometimes he came on his own. Becirovic described Gumaro as Jonathan's "right hand" man. The district court found the special agent's testimony credible. Noting that Becirovic was in a nearby jail, Gumaro argues Becirovic's statements were unreliable because he did not personally testify subject to cross examination at the sentencing hearing. However, a sentencing court may rely on "post-arrest statements and proffers" that are recorded by government agents, at least when these statements "tend to corroborate each other" and are "further corroborated by the nontestimonial evidence." United States v. Sicaros-Quintero, 557 F.3d 579, 581-82 (8th Cir. 2009). The district court did not rely solely on Becirovic's statements. They were one piece of the evidentiary puzzle.

A defendant can be held responsible for drugs he did not personally distribute if the sentencing court "find[s] by a preponderance of the evidence that the transaction or activity involving those drugs was in furtherance of the conspiracy and either known to that defendant or reasonably foreseeable to him." United States v. Shakur, 691 F.3d 979, 991 (8th Cir. 2012) (citation omitted), cert. denied, 568 U.S. 1219 (2013). The court may "approximate the quantity of the controlled substance" when "the amount seized does not reflect the scale of the offense." U.S.S.G. § 2D1.1,

comment. (n.5). After careful review of the evidence related to drug quantity, we conclude the district court did not clearly err in finding Gumaro responsible for more than 1000 kilograms of marijuana equivalent.

The judgment of the district court is affirmed.

_____